# In the United States Court of Federal Claims

No. 25-2097C

Filed: December 11, 2025

| |
|---|
| ANGELIINA LYNN LAWSON, <br><br>         *Plaintiff,* <br><br> v. <br><br> UNITED STATES, <br><br>         *Defendant.* |

**ORDER**

The plaintiff, Angelina Lynn Lawson, proceeding *pro se*, filed this action on December 9, 2025; the case was docketed on December 10, 2025. The plaintiff also filed a motion for leave to proceed *in forma pauperis*. The motion for leave to proceed *in forma pauperis* is **GRANTED**.

The plaintiff was involved in a child-custody dispute in Kansas state court. Apparently dissatisfied with the outcome of that litigation, she has attempted to remove that dispute to federal court. The federal district court in Kansas has repeatedly rejected her efforts. The plaintiff has appealed some of those adverse orders to the Tenth Circuit. The plaintiff alleges that the Tenth Circuit has declined to rule on her appeals and on several emergency motions. She alleges that the Tenth Circuit's failure to act has deprived her of her civil rights and constitutes a taking under the fifth amendment.

A federal court has the responsibility to ensure that it has jurisdiction over a complaint. *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). Even a *pro se* litigant must demonstrate that jurisdiction exists over the complaint. *Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1986). The jurisdiction of the Court of Federal Claims is limited to a claim that arises from an express or implied contract with the United States, seeks a refund of a payment previously made to the United States, or is based on an alleged constitutional or legal violation by the United States when the legal provision mandates the payment of money for the violation. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). A claim under the fifth amendment for damages arising from a taking of private property would normally fall within the jurisdiction of the Court of Federal Claims.

Although the plaintiff styles her complaint as arising under the fifth amendment, she is, from the face of her complaint, really seeking review of the decisions, or the failure to decide, of the Tenth Circuit. The Court of Federal Claims has no authority to review decisions of federal district courts or courts of appeals. *Shinnecock Indian Nation v. United States*, 782 F.3d 1345,

1352-53 (Fed. Cir. 2015); *Allustiarte v. United States*, 256 F.3d 1349, 1352, (Fed. Cir. 2001). Specifically, the Court of Federal Claims lacks jurisdiction to "entertain a taking[s] claim that requires the court to scrutinize the actions of another tribunal." *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) (cleaned up). Under these authorities, jurisdiction over the complaint appears to be absent.

The plaintiff shall show cause by **January 9, 2026**, why her complaint should not be dismissed without prejudice for lack of jurisdiction. If the plaintiff fails to respond to this order, the complaint will be dismissed under Rule 41(b) of the Rules of the Court of Federal Claims.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**