# In the United States Court of Federal Claims

No. 25-2097C
Filed: January 8, 2026
NOT FOR PUBLICATION

| |
|---|
| **ANGELIINA LYNN LAWSON,** <br><br> *Plaintiff,* <br><br> v. <br><br> **UNITED STATES,** <br><br> *Defendant.* |

**ORDER**

The plaintiff, Angelina Lynn Lawson, proceeding *pro se*, filed this action on December 9, 2025; the case was docketed on December 10, 2025. The plaintiff's motion for leave to proceed *in forma pauperis* was granted on December 11, 2025. On that same day, the plaintiff was ordered to show cause as to why her complaint should not be dismissed without prejudice for lack of jurisdiction. The plaintiff responded to the order to show cause on January 6, 2026.

Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019) (holding a court has a responsibility to ensure that it has jurisdiction over any claims asserted). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006); *see also St. Bernard Parish Gov't*, 916 F.3d at 992-93 (a "court must address jurisdictional issues, even *sua sponte*, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case" (citing *Foster v. Chatman*, 136 S. Ct. 1737, 1745 (2016))).

The plaintiff is proceeding *pro se*. As a result, her pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving a *pro se* litigant's pleadings a liberal construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that the complaint satisfies the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Liberally construed, the plaintiff's complaint appears to allege that the plaintiff was involved in a child-custody dispute in Kansas state court. Apparently dissatisfied with the outcome of that litigation, she has attempted to relitigate the child-custody issues in federal

district court in Kansas. She alleges that despite her effort to move the dispute to federal court, the child-custody proceeding has continued in state court.

The federal district court in Kansas has repeatedly rejected the plaintiff's attempt to remove the child-custody dispute to federal court. The plaintiff has appealed some of those adverse orders to the United States Court of Appeals for the Tenth Circuit, which hears appeals from the federal district court in Kansas. The plaintiff has also filed multiple emergency motions in the Tenth Circuit seeking "protective relief," "fraud review," and "[Americans with Disabilities Act ("ADA")] enforcement." In her complaint, the plaintiff alleges that the Tenth Circuit has declined to rule on her appeals and emergency motions. She alleges that the Tenth Circuit's failure to act has deprived her of her civil rights and constitutes a taking under the fifth amendment.

Due to the facial jurisdictional shortcomings of the complaint, the plaintiff was ordered to show cause as to why her complaint should not be dismissed. The order to show cause directed the plaintiff to explain why her complaint is not merely seeking a review of the inaction of the Tenth Circuit and is therefore outside the jurisdiction of the Court of Federal Claims.

In her response to the order to show cause, the plaintiff clarified that she is not seeking review of the Tenth Circuit's failure to act. Instead, she argues that the Tenth Circuit's alleged inaction constituted a fifth amendment taking by depriving her of access to a federal legal forum. Additionally, she claims the Tenth Circuit's alleged inaction allowed Kansas state actors to interfere with her property interest, her "right of access to a federal forum," and her "protected parental liberty" without just compensation.

Treating the plaintiff's allegations as true, *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011), none falls within the limited jurisdiction of the Court of Federal Claims.

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Supreme Court has interpreted the Tucker Act to waive the sovereign immunity of the federal government to allow jurisdiction in the Court of Federal Claims if a claim is: "(1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the [United States], or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained," unless arising from a tort. *Curie v. United States*, 163 Fed. Cl. 791, 799 (2022) (citing, *inter alia*, *United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009)). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." *United States v. Mitchell*,

463 U.S. 206, 216 (1983). The Tucker Act does not provide jurisdiction over claims against any party other than the federal government. *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

To invoke the limited jurisdiction of the Court of Federal Claims for a violation of a statutory, regulatory, or constitutional provision, that provision must be money-mandating, meaning it "'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *Eastport S. S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)). This money-mandating source of law must be distinct from the Tucker Act itself. *Navajo Nation*, 556 U.S. at 290.

The plaintiff's complaint can only fall within the court's jurisdiction if she pleads a claim based on a federal statutory, regulatory, or constitutional provision that mandates compensation and does not sound in tort. The plaintiff argues that her claim "arises solely under the [t]akings [c]lause of the [f]ifth [a]mendment," for which she seeks compensation for "specific, identifiable deprivations of property interest to federal inaction."

A claim under the fifth amendment for damages arising from a taking of private property would normally fall within the jurisdiction of the Court of Federal Claims. The Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V, cl. 4. To establish a taking under the Fifth Amendment, the plaintiff must allege that she has a cognizable property interest at the time of the alleged taking and that "the government's action amounted to a compensable taking of that interest." *Casitas Mun. Water Dist. v. United States*, 708 F.3d 1340, 1348 (Fed. Cir. 2013).

The Court of Federal Claims lacks jurisdiction to "entertain a taking[s] claim that requires the court to scrutinize the actions of another tribunal." *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) (cleaned up). In general, the Court of Federal Claims has no authority to review decisions of federal district courts or courts of appeals. *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352-53 (Fed. Cir. 2015); *Allustiarte v. United States*, 256 F.3d 1349, 1352, (Fed. Cir. 2001). Under these authorities, the Court lacks jurisdiction to consider the plaintiff's claim arising out of the inaction of the Tenth Circuit.

To the extent the plaintiff alleges that the inaction by the Tenth Circuit "permitted state actors to interfere with [p]laintiff's property interests," that claim is predicated on the actions of state or local actors and therefore lies outside the jurisdiction of the Court of Federal Claims. *Sherwood*, 312 U.S. at 588. It is not enough that the complaint names the United States as the defendant, "but its allegations also must implicate the United States." *Hankins v. United States*, No. 21-2138 C, 2022 WL 128839, at *4 (Fed. Cl. Jan. 14, 2022) (citing *May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997)).

For the foregoing reasons, the complaint fails to allege any claim within the jurisdiction of the Court of Federal Claims.

Before dismissing a complaint for lack of jurisdiction, 28 U.S.C. § 1631 requires the court to consider whether to transfer the case to a federal court that could properly exercise jurisdiction. Because the plaintiff has already sought and been denied relief in federal district

3

court in Kansas, transfer to that court, in which venue appropriately lies, is not in the interest of justice and is not appropriate.

Even construed liberally, the plaintiff's complaint does not, on its face, plead any claim over which the Court of Federal Claims can exercise jurisdiction. Accordingly, the complaint must be **DISMISSED** without prejudice pursuant to Rule 12(b)(1) and Rule 12(h)(3) of the Rules of the Court of Federal Claims. The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this decision would not be taken in good faith.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**