IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Case No. 1:25-cv-2097

Angeliina Lynn Lawson,

Plaintiff,

v.

The United States,

Defendant.

RULE 59 SUPPLEMENT TO MOTION FOR RECONSIDERATION

AND PRESERVATION OF OBJECTION TO MISCHARACTERIZATION OF CLAIM

Plaintiff respectfully files this Supplement to her Motion for Reconsideration under RCFC 59(e) to preserve the record and clarify the constitutional nature of her claim. Plaintiff objects to the Court's characterization in its January 8, 2026 Order that her claim arises from "dissatisfaction with the outcome of other litigation." That framing misconstrues both the factual basis and legal theory advanced in her Complaint and Response to Show Cause.

I. OBJECTION TO MOTIVE-BASED RECHARACTERIZATION

The Court states that Plaintiff's claim reflects dissatisfaction with the way her underlying cases were handled by other tribunals. However, the Complaint and Response explicitly disclaimed

1

any attempt to review, overturn, or challenge any ruling, order, or discretionary act by a judge. Plaintiff has never requested collateral review of another court's decision.

Plaintiff instead asserted that the United States, through exclusive jurisdiction under 28 U.S.C. § 1446(d), assumed constitutional responsibility for what occurred during the period of federal control. During that time, the federal system failed to maintain jurisdictional protection, resulting in the extinguishment of protected, monetizable interests, including:

- Court-ordered parenting access;
- Diversion of financial entitlements (alimony and child support);
- Blocked access to statutory protections (ADA accommodations);
- Loss of federal adjudicative process.

These are not liberty-based claims or requests for review of a tribunal, but constitutional takings claims arising from structural jurisdictional abandonment.

II. OBJECTION TO CIRCULAR BASIS FOR DISMISSAL

While the Court stated that it lacks jurisdiction to review the actions of another tribunal, its dismissal depends on an implied review of the conduct and outcomes in Plaintiff's prior litigation. By categorizing her theory as "dissatisfaction," the Court necessarily interpreted the posture and merits of other court proceedings, the very type of review it claims it cannot perform.

Plaintiff objects to this internal inconsistency. Her claim was not based on a denied motion, a delayed ruling, or any judicial action. It was based on the sovereign failure of the United States

to act during its period of exclusive jurisdiction, which caused the destruction of property-like interests compensable under the Takings Clause.

Plaintiff does not rest her claim on how she entered federal court, but on the United States' failure to preserve the protected interests that were extinguished while it held exclusive jurisdiction.

III. CLARIFICATION OF THEORY

Plaintiff's legal theory is grounded solely in the Fifth Amendment and 28 U.S.C. § 1491(a)(1), not in due process, civil rights, or judicial misconduct. Her theory alleges a constructive taking by the United States, not through action, but through omission within a zone of exclusive federal control. The United States, though not a person, bears sovereign liability for assuming and abandoning jurisdiction. That claim does not require this Court to scrutinize another tribunal's discretionary rulings, and Plaintiff respectfully objects to any characterization to the contrary.

IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court:

1. Preserve and acknowledge this objection to the framing adopted in the January 8, 2026 Order;
2. Respectfully correct or clarify the Court's characterization that Plaintiff's claim arose from dissatisfaction with prior litigation,
3. Affirm that Plaintiff has pursued this action in good faith based on a structural constitutional theory.

4. Reaffirm that the Court's dismissal did not reach the merits of Plaintiff's Takings Clause theory of structural jurisdictional abandonment;

5. Alternatively, reconsider its dismissal in light of the clarified framing and allow amendment under RCFC 15.

Respectfully submitted,                                           Dated: January 8, 2026

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Pro Se Plaintiff
Leavenworth, KS 66048

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January, 2026, a true and correct copy of the foregoing RULE 59 SUPPLEMENT TO MOTION FOR RECONSIDERATION was served by U.S. Mail and/or electronic filing upon:

Solicitor General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Pro Se Plaintiff
Leavenworth, KS 66048