OFFICE OF THE CLERK

**United States Court of Federal Claims**

717 MADISON PLACE, NW
WASHINGTON, DC 20439

OFFICIAL BUSINESS

CAPITAL DISTRICT 208

8 JAN 2026

9589 0710 5270 2704 8706 96

**ANGELIINA LYNN LAWSON**
**1914 5th Avenue**
**Leavenworth, KS 66048**

$6.04
US POSTAGE IMI
FIRST-CLASS
063S0001443315
FROM 20005

NIXIE          641   DE 1          0002/06/26

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

UNC                BC: 20439              *2417-09334-08-41
66048-37911

# In the United States Court of Federal Claims

No. 25-2097C
Filed: January 8, 2026
NOT FOR PUBLICATION

|  |
|---|
| ANGELIINA LYNN LAWSON, |
| *Plaintiff,* |
| v. |
| UNITED STATES, |
| *Defendant.* |

## ORDER

The plaintiff, Angelina Lynn Lawson, proceeding *pro se*, filed this action on December 9, 2025; the case was docketed on December 10, 2025. The plaintiff's motion for leave to proceed *in forma pauperis* was granted on December 11, 2025. On that same day, the plaintiff was ordered to show cause as to why her complaint should not be dismissed without prejudice for lack of jurisdiction. The plaintiff responded to the order to show cause on January 6, 2026.

Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. *See, e.g., St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019) (holding a court has a responsibility to ensure that it has jurisdiction over any claims asserted). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006); *see also St. Bernard Parish Gov't*, 916 F.3d at 992-93 (a "court must address jurisdictional issues, even *sua sponte*, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case" (citing *Foster v. Chatman*, 136 S. Ct. 1737, 1745 (2016))).

The plaintiff is proceeding *pro se*. As a result, her pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving a *pro se* litigant's pleadings a liberal construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that the complaint satisfies the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Liberally construed, the plaintiff's complaint appears to allege that the plaintiff was involved in a child-custody dispute in Kansas state court. Apparently dissatisfied with the outcome of that litigation, she has attempted to relitigate the child-custody issues in federal

district court in Kansas. She alleges that despite her effort to move the dispute to federal court, the child-custody proceeding has continued in state court.

The federal district court in Kansas has repeatedly rejected the plaintiff's attempt to remove the child-custody dispute to federal court. The plaintiff has appealed some of those adverse orders to the United States Court of Appeals for the Tenth Circuit, which hears appeals from the federal district court in Kansas. The plaintiff has also filed multiple emergency motions in the Tenth Circuit seeking "protective relief," "fraud review," and "[Americans with Disabilities Act ("ADA")] enforcement." In her complaint, the plaintiff alleges that the Tenth Circuit has declined to rule on her appeals and emergency motions. She alleges that the Tenth Circuit's failure to act has deprived her of her civil rights and constitutes a taking under the fifth amendment.

Due to the facial jurisdictional shortcomings of the complaint, the plaintiff was ordered to show cause as to why her complaint should not be dismissed. The order to show cause directed the plaintiff to explain why her complaint is not merely seeking a review of the inaction of the Tenth Circuit and is therefore outside the jurisdiction of the Court of Federal Claims.

In her response to the order to show cause, the plaintiff clarified that she is not seeking review of the Tenth Circuit's failure to act. Instead, she argues that the Tenth Circuit's alleged inaction constituted a fifth amendment taking by depriving her of access to a federal legal forum. Additionally, she claims the Tenth Circuit's alleged inaction allowed Kansas state actors to interfere with her property interest, her "right of access to a federal forum," and her "protected parental liberty" without just compensation.

Treating the plaintiff's allegations as true, *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011), none falls within the limited jurisdiction of the Court of Federal Claims.

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Supreme Court has interpreted the Tucker Act to waive the sovereign immunity of the federal government to allow jurisdiction in the Court of Federal Claims if a claim is: "(1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the [United States], or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained," unless arising from a tort. *Curie v. United States*, 163 Fed. Cl. 791, 799 (2022) (citing, *inter alia*, *United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009)). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." *United States v. Mitchell*,

2

court in Kansas, transfer to that court, in which venue appropriately lies, is not in the interest of justice and is not appropriate.

Even construed liberally, the plaintiff's complaint does not, on its face, plead any claim over which the Court of Federal Claims can exercise jurisdiction. Accordingly, the complaint must be **DISMISSED** without prejudice pursuant to Rule 12(b)(1) and Rule 12(h)(3) of the Rules of the Court of Federal Claims. The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this decision would not be taken in good faith.

It is so **ORDERED.**

s/ Richard A. Hertling

**Richard A. Hertling**
**Judge**

4